IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ENTERED
AUG – 9 2005
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

STEPHEN TUCKER and
LAURAL TUCKER, his wife,

          Plaintiffs,

v.                           CIVIL ACTION NO. 2:04-cv-01097

ABN AMRO MORTGAGE GROUP, INC.,
a Delaware corporation, and
GLOBAL MORTGAGE GROUP, INC.,
a West Virginia corporation,

          Defendants.

## ORDER

Pending before the court is the Defendants' Motion to Dismiss [Docket 3]. For the following reasons, the court **FINDS** that the Complaint fails to state a claim for which relief may be granted and **GRANTS** the defendants' motion.

**I.    Background**

The following facts, which are alleged in the complaint, are taken as true for the purposes of this motion. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiffs own property located in Green Sulpher Springs, West Virginia. At some point prior to May 7, 2002, the plaintiffs were solicited by mortgagors, Defendants Global and AMN AMRO, to refinance the property. On February 11, 2002, an appraisal of the property was prepared at the request of the defendants. The appraisal confirmed that the subject property was located in FEMA flood zone A-3. The Plaintiffs refinanced their home and executed a deed of trust in

favor of the defendants. On November 19, 2003, a flood destroyed the plaintiffs' home and personal property. The defendants had failed to secure flood insurance coverage for the plaintiffs and as a direct and proximate result, the plaintiffs suffered losses of $250,000 to their real and personal property.

The plaintiffs further allege, and this court takes as true for the purpose of this motion, that the defendants were aware of the appraisal's contents, which indicated that the property was within a flood zone. Nevertheless, the defendants failed to comply with the Flood Disaster Protection Act of 1973.

**II.   Analysis**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure must be granted when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle that party to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, there is no requirement that the claim properly identify the legal theory under which the plaintiff intends to proceed. Rather, "a complaint is sufficient against a motion to dismiss, if it appears from the complaint that a plaintiff may be entitled to any form of relief." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1219 (1990).

   **A.   Flood Disaster Protection Act**

The Complaint alleges that the defendants knew the Tucker property was within a flood zone and that they "failed to act upon this information by complying with the Flood Disaster Protection Act of 1973; that such actions were material and false, and the Plaintiffs relied upon the fact that they presumed that the Defendants, ABN AMRO and Global, would comply with all applicable laws in the issuance of the Deed of Trust as aforesaid." The Complaint further

alleges that the Defendants "fraudulently concealed from the Plaintiffs that their property was legally located in a flood zone, which by law required the purchase of flood insurance to protect such a loss . . . ."

In their motion to dismiss, the Defendants argue that the Complaint fails to state a claim against them because "there is no private right of action under the FDPA by a borrower against a lender based on the lender's failure to inform the borrower that his or her home is in a flood zone or the lender's failure to obtain insurance coverage." In *Arvai v. First Federal Savings & Loan Association*, 698 F.2d 698, 683 (4th Cir. 1983), the Fourth Circuit affirmed the district court's dismissal of a very similar claim. In *Arvai*, the plaintiffs also sued their lenders for their alleged violations of the National Flood Insurance Act of 1968.[1] Like the plaintiffs in the present case, the Arvai's home was substantially damaged by a flood and they sued their lender, First Federal, for failing to notify them that their property was located in a flood zone and for failing to inform them about the necessity of flood insurance. First Federal moved to dismiss on the basis that the FDPA does not provide a private cause of action. The district court granted First Federal's motion to dismiss and the Fourth Circuit affirmed.

In dismissing the action, the district court concluded that the FDPA contained neither an express nor an implied private right of action. The district court came to this conclusion after considering the Supreme Court's standards for determining the existence of a private cause of action as set forth in *Cort v. Ash*, 422 U.S. 66 (1975). *Cort* requires a consideration of the

---

[1] The National Flood Insurance Act of 1968 and the Flood Disaster protection Act of 1973 are combined at 42 U.S.C. § 4001, et seq. Courts have consistently held that these Acts do not grant borrowers a private cause of action for damages suffered when their lending institutions fail to comply with the requirements of the Acts. See *Arvai*, 539 F. Supp., at *5.

following factors: (1) whether the plaintiff is one of a class for whose especial benefit the statute was enacted; (2) whether there is an indication of legislative intent to create or deny such remedy; (3) whether such a remedy would be inconsistent with the underlying legislative purpose; and (4) whether the cause of action is one traditionally relegated to state law. After looking into the language and legislative history of the Act, the district court held that the borrowers were not in a class for whose especial benefit the Act was passed. The court found no congressional intent to allow a private action for damages and concluded that no such private action existed under the Act. The Fourth Circuit affirmed both the holding and reasoning of the district court in *Arvai v. First Federal Savings & Loan Ass'n*, 698 F.2d 683 (4th Cir. 1982).

In their response to the defendants' motion, the plaintiffs acknowledge the "Fourth Circuit's holding that a flood victim does not have an implied right of action under the Flood Protection Act of 1973," but argue that "the Fourth Circuit's reasoning in *Arvai* is flawed and violates public policy." Thus, the plaintiffs ask this court to "correct the injustice which was done based on the flawed reasoning in *Avrai* (sic) and find that innocent flood victims have an implied right of action for a violation of the Flood Protection Act." This court, however, must follow the Fourth Circuit's binding precedent and the congressional intent of the FDPA. Accordingly, the court **FINDS** that the plaintiffs have failed to state a claim for which relief may be granted and **GRANTS** the defendants' motion to dismiss as it pertains to the plaintiffs' FDPA claim. The plaintiffs' alleged common law fraud claim is discussed below.

**B.     Common Law Fraud**

In their response to the motion to dismiss, the plaintiffs argue that in addition to their FDPA claims, they have also asserted a claim for common law fraud. As the defendants argue in

response, the plaintiffs cannot state a claim for "'fraudulent' non-compliance with the FDPA when [they] cannot state a claim directly against AAMG for violation of the FDPA." To allow the plaintiffs to proceed with their fraud claim would be to allow them to assert a private cause of action under the FDPA when none exists. In *Lukosus v. First Tennesee Bank National Ass'n*, the court expressly rejected just such a claim. 2003 U.S. Dist. LEXIS 11941 (W.D. Va., July 9, 2003), affirmed in *Lukosus v. First Tennesee Bank Nat'l Ass'n*, 89 Fed. Appx. 412 (4th Cir. 2004). The *Lukosus* court first noted that "it is settled that no express or implied federal cause of action" is created by the FDPA. It then noted that "this does not necessarily preclude a state cause of action based on a violation of the standard of conduct imposed by the federal law." The *Lukosus* court went on to note, however, that "those state courts that have considered the issue have rejected any such common law cause of action, based in part of principles of federalism." *Id.* at *4 (citations omitted). This court was unable to find any West Virginia authority directly on point, but finds the precedent from these jurisdictions persuasive. Accordingly the court **GRANTS** the defendants' motion to dismiss and **DISMISSES** this action from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 9, 2005

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE